# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TRACEY A. SEAY,

    *Petitioner*,

vs.

THE STATE OF NEVADA,

    *Respondent*.

2:12-cv-00005-KJD-PAL

ORDER

This habeas matter under 28 U.S.C. § 2241 comes before the Court for initial review under Rules 1(b) and 4 of the Rules Governing Section 2254 Cases [the "Habeas Rules"]. The filing fee has been paid.

Petitioner seeks to preclude a pending Nevada state felony prosecution for driving under the influence (DUI) as constituting double jeopardy because he pled guilty to a misdemeanor DUI charge arising out of the same incident in the municipal court.

The Court would note at the outset: (a) that petitioner properly is proceeding under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254 because he is seeking pretrial intervention rather than challenging a judgment of conviction; (b) that petitioner is "in custody" for purposes of federal habeas jurisdiction in this context so long as he is obligated to appear in the state criminal proceedings, even if not in physical custody; (c) that abstention from potential federal intervention in the pending criminal proceeding is not required under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), because petitioner is challenging the proceeding on double jeopardy grounds, subject to the requirement that the claims presented

1  have been fully exhausted in the state courts; and (d) that any merits review conducted in this

2  matter will be *de novo* as to conclusions of law rather than under the deferential standard of

3  review that would applicable under the Antiterrorism and Effective Death Penalty Act

4  (AEDPA), because the matter arises under § 2241 rather than § 2254.[1]

5        However, the petition is deficient in two key respects.

6        First, petitioner did not name a proper respondent.  The petition names the State of

7  Nevada as the sole respondent.  Petitioner may not name the State as a respondent.  The

8  state sovereign immunity recognized by the Eleventh Amendment prevents petitioner from

9  proceeding directly against the State in federal court even in a habeas action.  The Court

10  expresses no opinion as to the appropriate respondent or respondents to be named in this

11  context.  The sole respondent named in the present petition, the State of Nevada, clearly is

12  not a proper respondent due to state sovereign immunity.

13        Second, to the extent that petitioner seeks to obtain relief under the Nevada

14  Constitution in addition to the United States Constitution, the petition fails to state a claim

15  upon which relief may be granted.  Federal habeas relief is not available for alleged errors or

16  violations of state law.  *See,e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 479-

17  80, 116 L.Ed.2d 385 (1991).  Federal habeas relief is available in this context only for

18  violations of the United States Constitution.[2]

---

20  [1] *See,e.g., Stow v. Murashige*, 389 F.3d 880, 888 (9th Cir. 2004)(double jeopardy challenge to pending

21  state criminal prosecution arises under § 2241 rather than § 2254 and is subject to *de novo* review rather
than deferential review under AEDPA as to conclusions of law); *Justices of Boston Municipal Court v. Lydon*,

22  466 U.S. 294, 300-02, 104 S.Ct. 1805, 1809-10, 80 L.Ed.2d 311 (1984)(a defendant who has been released
on bail or on his own recognizance pending trial or appeal is in custody for purposes of habeas jurisdiction

23  under § 2241); *Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992)(*Younger* abstention does not bar
federal pretrial intervention in a pending state criminal proceeding based upon an alleged double jeopardy

24  violation, subject to the exhaustion requirement).

25  [2] In a related vein, counsel should note that, in terms of controlling jurisprudence, petitioner is not in
Nevada state court anymore.  Petitioner urges in the petition that decisions from other state and federal

26  courts are not binding in Nevada, and petitioner maintains that the law in Nevada regarding double jeopardy
protection is well settled. #1, at 22.  Petitioner now is in federal court.  *This* Court is bound on federal law

27  issues by the decisions of the United States Supreme Court and the Ninth Circuit Court of Appeals.  The
decisions on federal law issues by all other state and federal courts – including the Nevada Supreme Court –

28                                                                                    (continued...)

The petition accordingly will be dismissed without prejudice to the filing of an amended petition brought against a proper respondent or respondents.

The Court additionally would note that -- while it may issue a writ of habeas corpus to preclude further prosecution if petitioner succeeds on the petition -- a federal district court is not a superior court to a state supreme court or state district court exercising a power of appellate review over those courts.[3]  This Court therefore under no circumstance will be issuing an order "reversing" state court decisions as prayed for in the petition.  Federal habeas review is *collateral* review, not direct review.  The flexibility of the writ of habeas corpus allows the district court to remedy or prevent a constitutional violation without the necessity of an order directly reversing an adverse state court decision, other than through an order, in this context, barring further prosecution.  *Cf. Mandi Timoteo v. City of Las Vegas*, 2:04-cv-00268-KJD-GWF, #11, at 14-15 (Dec. 13, 2006)(order granting a writ of habeas corpus barring further state prosecution on double jeopardy grounds).

Finally, given that petitioner is represented by counsel, the Court will direct petitioner to attach copies of relevant state court record materials needed for further initial review of any amended petition filed.  Counsel potentially may find the Federal Public Defender's Office of assistance in identifying the technical logistics of how that office complies with a court order directing the filing of copies of state court record exhibits in the manner required by this order.

---

[2](...continued)
constitute only persuasive, nonbinding authority.  The decisions of the Supreme Court of Nevada are binding in this Court only as to state law issues, as the state supreme court is the final arbiter of Nevada state law. While petitioner also has provided extensive argument as to United States Supreme Court case law, counsel may wish to consider whether an apparent cut-and-paste of briefing to the state supreme court adequately takes into account: (a) that any state law violation does not provide a basis for federal habeas relief; and (b) that Nevada state supreme court precedent on federal law issues constitutes only persuasive rather than binding authority on such questions now that petitioner is in federal court.  Although the Court of course will consider all apposite precedent directed to an issue, whether binding or not, the most effective (exhausted) federal law arguments in this federal district court necessarily will be those supported directly by apposite controlling United States Supreme Court and Ninth Circuit authority.

[3]*Cf. Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)(while otherwise limited in application, the *Rooker-Feldman* doctrine precludes a party who has lost in state court litigation from seeking a federal district court order directly reversing the adverse state court decision).

1        IT THEREFORE IS ORDERED that the petition is DISMISSED without prejudice to the

2    filing of an amended petition, in this action, correcting the deficiencies identified in this order

3    within thirty (30) days of entry of this order, subject to extension.  If an amended petition

4    correcting the deficiencies identified herein is not timely filed, final judgment will be entered

5    dismissing the action without further advance notice.

6        IT FURTHER IS ORDERED, pursuant to Local Rule LR 15-1, that any amended

7    petition filed must be complete in itself without reference to previously filed papers, *i.e.*, as a

8    complete, "stand alone" pleading.  Thus, the claims and allegations that are stated in the

9    amended petition will be the only matters remaining before the Court.  Any claims or

10    allegations that are left out of the amended petition or that are not re-alleged in the amended

11    petition no longer will be before the Court.

12        IT FURTHER IS ORDERED that, within the same period allowed for filing an amended

13    petition, petitioner shall file exhibits including copies of the following: (a) complete minutes

14    from the municipal court, justice court, and district court proceedings; (b) any and all charging

15    instruments filed in the municipal court, justice court, and any district court proceedings,

16    including all amendments thereto; (c) any and all municipal court records pertaining to

17    petitioner's plea in that court; (d) any and all motions and/or briefing filed in the justice court

18    and/or district court on the double jeopardy issue; (e) any and all orders by the justice court

19    and or district court regarding the merits of the double jeopardy issue; (f) any preliminary

20    hearing transcript that has been prepared in the normal course of the justice court

21    proceedings; (g) all briefing and papers filed in the Supreme Court of Nevada on the double

22    jeopardy issue; and (h) all decisions by the state supreme court on the merits of the issue.

23    Nothing herein requires the preparation of transcripts that have not been prepared in the

24    ordinary course of the various state court proceedings, absent further order of this Court.

25    Copies need not be certified by the state court clerk unless the authenticity, accuracy, or

26    completeness of the a copy or copies submitted later is challenged.

27        IT FURTHER IS ORDERED that the exhibits shall be filed with a separate index of

28    exhibits identifying the exhibits by number.  The CM/ECF attachments that are filed further

shall be identified by the number or numbers of the exhibit(s) in the attachment.  *See,e.g.* No. 2:10-cv-01225-PMP-CWH, #30, *et seq*.  The purpose of this provision is so that the Court and any reviewing court thereafter will be able to determine from the face of the electronic docket sheet which exhibits are filed in which attachments.  In other words, counsel shall not leave it to this Court or a reviewing court to "fish" through unmarked attachments on the electronic docket sheet looking for particular exhibits.  Attempted physical filing of a CD, DVD, or other data storage device with electronic copies of the record exhibits is **not** permitted by this order.  The exhibits instead must be filed in the manner described herein and as in the example identified herein.  **Given the anticipated relatively small volume of the exhibits, there is no need to send a hard copy courtesy copy of the exhibits to the Clerk or otherwise to chambers.  The Court will review the materials from the electronic docket sheet.**

DATED: January 23, 2012

_____
KENT J. DAWSON
United States District Judge