# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TRACEY A. SEAY,

    *Petitioner*,

vs.

STATE OF NEVADA, et al.,

    *Respondents*.

2:12-cv-00005-KJD-PAL

ORDER

    This is petitioner's first amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed through counsel (ECF #6). Before the court is respondents' motion to dismiss the petition as moot on the basis that the Nevada Supreme Court has granted petitioner the relief he sought (ECF #30). Petitioner has not opposed the motion.

    On February 8, 2010, the State of Nevada filed a criminal complaint against petitioner in the Las Vegas Township Justice Court with a felony Driving Under the Influence ("DUI").[1] Exhs. 2, 5. On April 27, 2010, the City of Las Vegas filed a criminal complaint against petitioner in Las Vegas Municipal Court with a misdemeanor DUI and one count of misdemeanor leaving the scene of an accident. Exh. 4.

    On May 27, 2010, petitioner entered a plea of nolo contendere in municipal court to misdemeanor DUI. Exh. 6. He then filed a motion to dismiss the felony DUI in justice court on double

---

[1] Exhibits 1-18 were filed with petitioner's first amended petition (ECF #6) and may be found at ECF #s 7-24.

jeopardy grounds. Exh. 7. The justice court denied the motion. *See* Exh. 15. Petitioner appealed to the state district court, which also rejected the double jeopardy claim. Exh. 16.

Petitioner next presented his double jeopardy claim in an original petition for a writ of habeas corpus filed in the Nevada Supreme Court. Exh. 17. On May 10, 2011, the Nevada Supreme Court also rejected the claim, concluding that *Ohio v. Johnson*, 467 U.S. 493 (1984), permitted the State to seek a conviction on the greater charge before disposing of any redundant convictions. Exh. 18 at 3.

On January 3, 2012, petitioner, through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this court (ECF #1); he filed an amended petition on February 21, 2012 (ECF #6). Petitioner sought an order from this court granting his petition and barring further prosecution by the State for felony DUI. *Id*. Respondents answered on July 17, 2012 (ECF #27).

While the federal petition was pending, on October 24, 2013, petitioner filed an original petition for a writ of mandamus or prohibition in the Nevada Supreme Court. Exh. A.[2] On November 14, 2013, the Nevada Supreme Court granted the petition, concluding that because petitioner had already been convicted of misdemeanor DUI, the Double Jeopardy Clause barred the State from prosecuting him for felony DUI. Exh. B. In its order granting the petition, the Nevada Supreme Court directed the Clerk of Court to issue a writ of prohibition instructing the state district court to dismiss the felony DUI charge against petitioner. *Id*. The notice in lieu of remittitur issued on December 11, 2013. Exh. C.

Respondents now move to dismiss this action as moot (ECF #30). Petitioner has not opposed.

The record before this court reflects that, in instructing the state district court to dismiss the felony DUI charge against petitioner, the Nevada Supreme Court has granted petitioner the relief he sought in state and federal court. As such, this federal petition is moot. *See Mujahid v. Daniels*, 413 F.3d 991, 994 (9th Cir. 2005) (quoting *Calderon v. Moore*, 518 U.S. 149, 150 (1996): "An appeal is moot 'when, by virtue of an intervening event, a court of appeals cannot grant any effectual relief whatever in favor of the appellant'"). Good cause appearing, respondents' unopposed motion to dismiss the petition is granted.

---

[2] Exhibits A-C are attached as exhibits to respondents' motion to dismiss (ECF #30).

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF #30) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's first amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF #6) is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that respondents' motion to substitute party (ECF #29) is **GRANTED** *nunc pro tunc*.

**IT IS FURTHER ORDERED** that Clerk shall **ENTER JUDGMENT** accordingly and close this case.

Dated this 30th day of March, 2015.

_____
UNITED STATES DISTRICT JUDGE